UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-2067
(CA-96-3525-WMN)

Dennis E. Deans,

Plaintiff - Appellee,

versus

CSX Transportation, Incorporated,

Defendant - Appellant.

O R D E R

The court amends its opinion filed June 21, 2000, as follows:

On the cover sheet, section 3, line 3 -- the lower court judge is corrected to read "Paul W. Grimm, Magistrate Judge."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DENNIS E. DEANS,
Plaintiff-Appellee,

v.

No. 99-2067

CSX TRANSPORTATION,
INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Paul W. Grimm, Magistrate Judge.
(CA-96-3525-WMN)

Argued: May 4, 2000

Decided: June 21, 2000

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stephen Bennett Caplis, Eric Rawson Harlan, WHITE-
FORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for
Appellant. Lawrence Alan Katz, COFFEY & KAYE, Bala Cynwyd,
Pennsylvania, for Appellee. **ON BRIEF:** Joseph A. Coffey, Jr., Rob-
ert E. Meyers, COFFEY & KAYE, Bala Cynwyd, Pennsylvania, for
Appellee.

_____

**OPINION**

PER CURIAM:

Plaintiff Dennis Deans was injured on June 10, 1995 while employed by CSX Transportation (CSX) as a railroad brakeman. Deans' injury occurred while he was attempting to release a defective handbrake. Deans filed suit against CSX on September 4, 1996 alleging violations of the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51 et seq., and the Federal Safety Appliance Act, 49 U.S.C. §§ 20301 et seq.

Prior to trial, CSX moved for summary judgment contending the railcar with the defective handbrake was not "in use" at the time Deans was injured and therefore the Safety Appliance Act did not apply. CSX also alleged that Deans failed to produce sufficient evidence of negligence to sustain an FELA claim. The district court granted summary judgment on both issues.

On appeal, this court affirmed the district court's grant of summary judgment on Deans' FELA claim. Deans v. CSX Transp., Inc., 152 F.3d 326 (4th Cir. 1998). However, we reversed the district court's grant of summary judgment on the Safety Appliance Act claim, finding that as a matter of law the railcar was in use and remanded the case to the district court for further proceedings. Deans, 152 F.3d at 330.

Prior to trial on remand, Deans was lawfully terminated by CSX for reasons unrelated to his injury. As a result, he was precluded from bringing a lost wages claim against CSX, and the district court excluded the evidence Deans sought to present in support of a lost earning capacity claim.[1] Because Deans would not be presenting claims of lost wages or earning capacity, CSX moved in limine to preclude medical expert testimony that Deans' injury disabled him from further performing his job at CSX, and thus causing him to incur a loss of future wages and benefits. The district court denied this

_____

[1] For example, the district court excluded evidence which would have been offered to show that but for Deans' injuries, he would have been able to obtain future employment with another railroad.

2

motion, stating that Deans' injury and inability to continue working was relevant to his claim of pain and suffering. Despite CSX's objection, Deans was also permitted to present evidence of the fringe benefits he enjoyed while an employee of CSX.

At the close of Deans' case, and at the close of all of the evidence, CSX moved for judgment pursuant to Fed. R. Civ. P. 50, asserting that Deans failed to produce sufficient evidence from which the jury could reasonably find that the defective handbrake caused Deans' injuries. This motion was denied and the jury found that Deans' injuries were indeed caused by the defective handbrake and awarded him the sum of $195,000.00. On July 21, 1999, the district court entered a final judgment for this amount against CSX.

CSX appeals from that judgment. CSX asserts that Deans did not prove that his injuries were caused by the defective handbrake, and thus, CSX's failure to comply with the provisions of the Safety Appliance Act did not proximately cause Deans' injuries. CSX also alleges that the district court erred in admitting evidence describing the fringe benefits Deans earned while at CSX and indicating that his injuries prevented him from performing his former job. Finally, CSX again claims that the railcar on which the defective handbrake was located was not in use as contemplated by the Safety Appliance Act.

We review the grant or denial of judgment as a matter of law de novo. Benesh v. Amphenol Corp., 52 F.3d 499, 502 (4th Cir. 1995). We must determine whether there is substantial evidence in the record upon which the jury could find for the non-movant. Benesh, 52 F.3d at 502. In so doing, we consider the evidence in the light most favorable to the non-movant, in this case Deans, to determine whether the evidence presented at trial was sufficient to allow a reasonable jury to render a verdict in the non-movant's favor. Princess Cruises, Inc. v. General Elec. Co., 143 F.3d 828, 831 (4th Cir. 1998).

Based upon a review of the record, we are of opinion that the jury had sufficient evidence from which to conclude that Deans injury was caused by the defective handbrake, and thus, CSX is liable under the Safety Appliance Act. CSX concedes that the handbrake at issue was defective. Prior to operating the defective brake, Deans had no injury to his neck, shoulder, upper chest or head. Upon attempting to turn

3

the defective brake, Deans sustained physical injuries. Dr. Donald L. Myers, a board certified neurosurgeon, testified that Deans' injuries were caused as a result of the work-related incident at issue in this case that occurred on June 10, 1995. As our review of the evidence is in the light most favorable to Deans, we conclude that this evidence sufficiently establishes that the defective handbrake caused Deans' injuries.

We also find that the district court did not err in permitting the introduction of the evidence of fringe benefits enjoyed by Deans while at CSX, and the testimony regarding the medical limitations he experienced following his injury. We review a district court's decisions on questions of relevance, as here, for abuse of discretion. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1357 (4th Cir. 1995). We agree with the district court that Deans' employment and activity limitations as a result of his injury, as well as his loss of certain fringe benefits, are elements of evidence that are relevant to Deans' pain and suffering. We are therefore of opinion that the district court did not abuse its discretion by admitting this evidence.

The district court alleviated any prejudice or confusion that might have occurred from the introduction of this testimony with a limiting instruction. The district court specifically charged the jury that "testimony about what Deans could and could not do after the accident, that is to be considered by you in your determination of what if any damages you believe are appropriate for pain and suffering. It is not to be determined for any other purpose by you." The court also instructed the jury that it could consider "[p]ain, suffering and mental anguish, including the effect of the Plaintiff's injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present." We are of opinion that these instructions adequately protected the defendant from having the jury consider this evidence for any other purposes, including the loss of future earnings.

Finally, we adhere to our previous holding in Deans v. CSX Transp., Inc., 152 F.3d 326 (4th Cir. 1998), that the railcar was in use as contemplated by the Safety Appliance Act. As such, CSX's argument to the contrary is without merit.**2**

_____

**2** CSX stated in its brief that this point is included simply as a claim of error in the event of an appeal to the Supreme Court. We take this as recognition that we would decline to reconsider our previous decision on the same point.

4

The judgment entered by the district court is accordingly

AFFIRMED.

5